{¶ 21} R.C. 2929.19(B)(2)(c) requires the trial court to give reasons for its R.C. 2929.14(E)(4) findings to impose consecutive sentences. R.C. 2929.14(E)(4) findings for consecutive sentences are necessity, proportionality, and an R.C. 2929.14(E)(4)(a),(b), or (c) fact scenario. The Majority Opinion herein states "the trial court's comments demonstrate that the court not only made the requisite findings before imposing consecutive sentence but also gave its reasons for doing so, viz., appellant's propensity for continuing to commit more serious crimes rather than seeking to obtain gainful employment even after already on many occasions being shown sentencing leniency." With all due respect, I dissent.
 {¶ 22} First, I point out that a rote recitation of the statute does not satisfy this court's requirement that the trial court make findings.[1] Be that as it may, I move to my overwhelming concern, which is R.C. 2929.19(B)(2)(c). I read R.C. 2929.19(B)(2)(c) as requiring the trial court to state reasons for each of the three-tier findings: necessity, proportionality, and the fact scenario. This court has held that the reason must be on the record but need not follow any stated pattern.[2] I agree with the Majority that recidivism and failure to obtain employment are reasons to support the necessity and fact scenario findings; however, I disagree that these reasons support all of the required proportionality findings.[3]
 {¶ 23} R.C. 2929.14(E)(4) requires two separate and conjunctive findings on proportionality. First, the trial court must find the seriousness of the offender's conduct (the charged act) is not disproportionate to the punishment imposed. Second, the trial court must find the punishment is not disproportionate to the danger the offender poses to the public. R.C. 2929.19(B)(2)(c) requires reasons to support both of these findings.
 {¶ 24} Here, the trial court failed to give reasons to justify the second prong of the proportionality finding.
 {¶ 25} In "Ohio Felony Sentencing Law," a book on this subject, Burt Griffin and Lewis Katz emphasize that the trial court must focus its reasons on the nature of the future harm the offender will cause. They conclude it is not enough for the trial court to conclude that the offender is a recidivist, which is what the trial court did here.
 {¶ 26} If the General Assembly intended recidivism to be the sole defining point on proportionality, I ponder why it used the conjunctive when defining proportionality. Clearly, the General Assembly intended the trial court to focus on both recidivism and the nature of the future harm to the public.
 {¶ 27} Here, the trial court paid no heed to the nature of potential harm. In supporting the trial court's decision, the Majority vitiates R.C. 2929.14(C)(2)'s patently conjunctive construction. The trial court imposed two sentences, twelve years and one month on the majority of the counts to run concurrent and eight years on one count to run consecutive to the twelve years and one month, which totals 20 years and one month.
 {¶ 28} In arriving at such a sentence the trial court must ask itself not whether 20 years and one month is appropriate under these facts, but whether consecutive sentences are appropriate. To do so in compliance with R.C. 2929.14(E)(4), it needed to resolve why punishment is necessary as well as why the punishment is proportionate.[4] The trial court in this case answered the necessity question, but failed on the proportionality question.
 {¶ 29} When I wrote State v. Bolton,[5] I was guided by the trial court's responsibility to adhere to the guidelines defining proportionality set forth in R.C. 2929.11(B).[6] These guidelines give the trial court a springboard from which it must make findings and provide solid, sufficient reasons for the consecutive sentences. Although I did not see R.C. 2929.11(B) as requiring specific findings as R.C.2929.14(E)(4) does, I do see it as having guidelines to be followed by the trial court. In Bolton, we saw nothing in the record that showed the trial court deviated from these guidelines.
 {¶ 30} It is the trial court's responsibility to set forth not only its R.C. 2929.14(E)(4) findings, but its reasons that support each and every statutory finding. Here, the trial court failed to give reasons to support its second proportionality finding; therefore, I dissent.
[1] State v. Patterson, Cuyahoga App. No. 80409, 2002-Ohio-3100.
[2] State v. Gonzalez, 2001 Ohio App. LEXIS 1185 at 23-29, (March 15, 2001), Cuyahoga App. No. 77338.
[3] State v. Patterson, supra citing State v. Penington (Nov. 1, 2001), Cuyahoga App. No. 78878.
[4] See Weems v. United States (1910), 217 U.S. 349.
[5] Cuyahoga County App. 80263, 2002-Ohio-457.
[6] R.C. 2929.11(B) states, "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."